UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LUCIO BARRAGAN,
NEMECIO CALDERON,
RODOLFO HERNANDEZ MORA,
ROSIBEL SOLORZANO ROJAS,
FRANKIE GIL,
LUIS HERNANDEZ,
VALENTIN MIRANDA, *and*
MELISSA BURGSTAHLER, *on behalf of themselves, FLSA
collective plaintiffs and the class*,

20 Civ. 3357 (PAE)

<u>ORDER OF DISMISSAL</u>

                               Plaintiffs,

              -v-

OFF CUTS, LLC,
BACON & BAGELS, LLC,
PEANUT BUTTER & KIMCHEE, LLC,
FOURTH WALL RESTAURANTS, LLC,
ELVIN PAVLENKO,
MICHAEL J. STILLMAN,

                           Defendants.

PAUL A. ENGELMAYER, District Judge:

      Before the Court is defendants' unopposed motion to dismiss for plaintiffs Rodolfo

Hernandez Mora, Rosibel Solorzano Rojas, and Valentin Miranda's failure to prosecute this case.

Dkts. 77–79.  For the reasons that follow, the Court grants that motion.

      On April 29, 2020, plaintiffs filed the complaint in this action.  Dkt. 1.  On April 30,

2020, the case was referred to the Hon. Ona T. Wang, United States Magistrate Judge, for

general pretrial supervision.  Dkt. 23.  On August 7, 2020, plaintiffs filed the first amended

complaint.  Dkt. 24.  On September 21, 2020, all defendants except Elvin Pavlenko filed an

answer.  Dkt. 33.  On December 21, 2020, the parties filed a stipulation of voluntary dismissal

dismissing plaintiff Melissa Burgstahler and defendant Peanut Butter & Kimchee LLC from this

1

suit. Dkt. 39. On March 30, 2021, plaintiffs attempted—unsuccessfully—to file a second amended complaint without leave of court. *See* Dkts. 52, 53. On April 22, 2021, the parties filed a stipulation of voluntary dismissal dismissing defendant Bacon & Bagels, LLC from this suit. Dkt. 60. On April 27, 2021, this case was referred to mediation. Dkt. 63. On August 20, 2021, the Court entered judgment in favor of plaintiffs Lucio Barragan, Nemecio Calderon, Luis Hernandez, and Frankie Gil (the "Settling Plaintiffs") pursuant to Rule 68 of the Federal Rules of Civil Procedure. Dkt. 72.

On October 22, 2021, defendants filed a motion to dismiss this case with prejudice for failure to prosecute as to the remaining plaintiffs Rodolfo Hernandez Mora, Rosibel Solorzano Rojas, and Valentin Miranda (the "Remaining Plaintiffs"). Dkts. 77–79. Remaining Plaintiffs have not responded to the motion, and no progress has otherwise been made in this case. Defendants declare in their motion that the Remaining Plaintiffs failed to appear in the mediation that resulted in the judgment for Settling Plaintiffs, and that counsel for Remaining Plaintiffs is no longer in contact with their clients. Dkt. 79 ("Mot.") at 2.

Rule 41(b) permits a district court to dismiss an action for failure to prosecute. The Second Circuit has made clear that dismissal for failure to prosecute is a "harsh remedy to be utilized only in extreme situations." *Minnette v. Time Warner*, 997 F.2d 1023, 1027 (2d Cir. 1993). "Nonetheless, the authority to invoke it for failure to prosecute is vital to the efficient administration of judicial affairs and provides meaningful access for other prospective litigants to overcrowded courts." *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 42 (2d Cir. 1982). When considering whether to impose such a remedy, courts must consider the following five, non-dispositive factors: (1) whether the plaintiff's failure to prosecute caused a delay of significant duration; (2) whether the plaintiff was given notice that further delay would result in

2

dismissal; (3) the likelihood that the defendant will be prejudiced by further delay; (4) the balance between the need to alleviate court calendar congestion and the plaintiff's right to an opportunity for a day in court; and (5) the efficacy of lesser sanctions." *United States ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 254 (2d Cir. 2004). In weighing the fifth factor, "district courts are not required to exhaust possible lesser sanctions before imposing dismissal or default if such a sanction is appropriate on the overall record." *S. New England Tel. Co. v. Global NAPs Inc.*, 624 F.3d 123, 148 (2d Cir. 2010).

The Court concludes that all five factors weigh in favor of dismissal. As to duration, the Remaining Plaintiffs failed to appear for mediation that resulted in resolution for the Settling Plaintiffs on June 23, 2021, almost one year ago. Mot. at 2. Since then, Remaining Plaintiffs have taken no action in this case, including responding defendants' motion to dismiss, filed on October 21, 2021. *See Dhaliwal v. Mallinckrodt PLC*, No. 18 Civ. 3146 (VSB), 2020 WL 5236942, at * 2 (S.D.N.Y. Sept. 2, 2020) (dismissing after "nearly a year" of plaintiff's inaction). In fact, Remaining Plaintiffs' own counsel represents that their clients are no longer in contact with them. *Id.* The first *Drake* factor thus favors dismissal.

Remaining Plaintiffs had notice that further delay may result in dismissal. On October 6, 2021, defendants filed a letter motion requesting a conference regarding their anticipated motion to dismiss for failure to prosecute. Dkt. 75. On October 8, 2021, the Court issued an order denying that request, stating that it would "resolve the motion on the papers" and instructing Remaining Plaintiffs to "file their responses, if any, by November 5, 2021." Dkt. 76. Finally, defendants' motion to dismiss itself put Remaining Plaintiffs on notice. *See Stonescu v. Jablonsky*, 162 F.R.D. 268, 271 (S.D.N.Y. 2005) ("[T]his motion [to dismiss for failure to prosecute] put Stonescu on notice that defendants were seeking dismissal."). These filings gave

3

Remaining Plaintiffs ample notice that their failure to take action would result in dismissal. The second factor thus also supports dismissal.

The third factor, too, favors dismissal. "[P]rejudice to defendants resulting from unreasonable delay may be presumed . . . [while] the need to show actual prejudice is proportionally greater" where the "delay is more moderate or excusable." *Lyell*, 882 F.2d at 43. Remaining Plaintiffs have not taken action in this case since at least June 23, 2021, and have ceased contact with their attorneys since at least October 22, 2021. Mot. at 2. Defendants sought to avoid further litigation in settling this case in a mediation conference on June 23, 2021, which resulted in success with all parties that attended. Further delay will prejudice defendants by needlessly awaiting Remaining Plaintiffs to pursue their abandoned claims, and risk precisely the costly litigation that defendants have sought to avoid.

The fourth and fifth factors also weigh in favor of dismissal. This case has been lingering on this Court's docket without any efforts by Remaining Plaintiffs to move this case along for nearly a year. And dismissal is the appropriate remedy where Remaining Plaintiffs themselves have disdained any apparent interest in pursuing their claims. All they would have had to do to pursue such claims was to attend the same mediation conference as the Settling Plaintiffs—or indicate an interest in pursuing a similar resolution as to them.

Accordingly, the Court dismisses this action for failure to prosecute. This dismissal is with prejudice. *See Rubin v. Abbott Lab'ys*, 319 F.R.D. 118, 119 (S.D.N.Y. 2016) ("Federal Rule of Civil Procedure 41(b) is a discretionary measure that allows courts to dismiss a case with prejudice where the 'plaintiff fails to prosecute or to comply with [the Federal Rules of Civil Procedure] or a court order[.]'" (quoting Fed. R. Civ. P. 41(b)); *Caussade v. United States*, 293 F.R.D. 625, 631 (S.D.N.Y. 2013).

4

The Clerk of Court is respectfully directed to close this case.

SO ORDERED.

_Paul A. Engelmayer_

PAUL A. ENGELMAYER
United States District Judge

Dated:  April 6, 2022
        New York, New York